UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,

                                              NO. 24-CR-10259-DJC

        v.

MATTHEW FARWELL,
Defendant

                    ORDER ON EXCLUDABLE DELAY


KELLEY, U.S.M.J.


    Defendant had an interim status conference scheduled for April 15, 2025. Due to the court's

scheduling difficulties, and with the assent of the parties, the conference is continued to May 6, 2025

at 11:00 a.m. by zoom.

    With the assent of the parties, the Court finds that the interests of justice in this case, *i.e.*, to

allow the parties time to prepare the case for trial or other disposition, outweigh the best interests of

the public and defendant for a trial within seventy days of the date of indictment. Accordingly, it is

hereby ORDERED that, pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A), the Clerk of this

Court enter excludable time for the period from April 15, 2025, up to and including May 6, 2025.[1]

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States
Magistrates in the United States District Court for the District of Massachusetts, any party may move for
reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14)
days after receipt of a copy of this order, unless a different time is prescribed by this court or the district
judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a
written notice of the motion which shall specifically designate the order or part thereof to be reconsidered
and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate
judge's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The
parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to
comply with this rule shall preclude further appellate review. See Phinney v. Wentworth Douglas Hospital,

/s/ M. Page Kelley
M. PAGE KELLEY
United States Magistrate Judge

199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).