UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 24-CR-10259-MPK-DJC |
| | ) | |
| MATTHEW FARWELL, | ) | |
| | ) | |
| Defendant | ) | |

**JOINT INTERIM STATUS REPORT**

Pursuant to Local Rule 116.5(b), the parties state as follows:

**(1)   Status of Automatic Discovery and Pending Discovery Requests**

The government produced automatic discovery on September 25, 2024 (Bates Stamped USAO 000001-USAO 016698). Additional discovery (through USAO 036592) was produced by the government on the following dates:

- September 24, 2024
- October 1, 2024
- October 18, 2024
- December 12, 2024
- January 2, 2025
- January 10, 2025
- January 13, 2025
- January 28, 2025
- March 5, 2025
- March 11, 2025
- March 27, 2025
- April 15, 2025
- July 15, 2025

Defendant has not yet produced any discovery to the government. The government has requested reciprocal discovery under Fed. R. Crim. P. 16(b) and Local Rule 116.1(D).

1

The government has provided responsive documents to defense discovery requests. The government recently produced additional early discovery (Bates Stamp 34788-36592). Defense is continuing to review discovery and expects to send an additional request for discovery in the next several weeks. The parties anticipate being able to discuss and address those discovery requests without court intervention but will seek a hearing date should conflicts arise. The parties have negotiated a filter protocol for the review and filtering of potentially privileged material and they anticipate that given the parameters of the protocol and the volume of the material, the filter review will be complete and filtered materials provided to the prosecution team by October 2025.

**(2)   Timing of Any Additional Discovery to Be Produced**

The government has produced voluminous discovery that, in its view, goes beyond its obligations under the federal and local rules. The government is continuing to review additional discovery and will produce those materials on a rolling basis. As the government obtains additional Rule 16 discovery, it will provide it to defendant pursuant to Local Rule 116.7.

**(3)   Timing of Any Additional Discovery Requests**

Defendant is still reviewing the materials produced thus far and has made additional discovery requests. The defense anticipates making additional discovery requests in the next several weeks as it finishes its review of newly produced materials.

**(4)   Protective Orders**

The government filed a motion for a protective order with the defendant's assent, and a protective order was entered by the Court on September 9, 2024 (ECF No. 22).

**(5)   Pretrial Motions Under Fed. R. Crim. P. 12(b)**

The defendant is reviewing the discovery materials and evaluating the merits of any motions under Fed. R. Crim. P. 12(b). At this time, the parties do not request a motions deadline or a trial date because the parties are continuing to confer regarding discovery, a filter review, the recent appointment of successor defense counsel, and other issues that will impact the timing of a trial on this matter.

**(6)    Timing of Expert Witness Disclosures**

Should expert testimony prove necessary, the government agrees to make the requisite expert witness disclosures 90 days before trial; the defendant agrees to make reciprocal disclosures 60 days before trial; and the government agrees to make disclosures regarding rebuttal experts, if any, 30 days before trial.

**(7)    Speedy Trial Act Calculation**

The 70-day period specified in 18 U.S.C. § 3161(c)(1) commenced on August 28, 2024. The Court excluded all time between August 30, 2024, and August 4, 2025 (ECF Nos. 15, 26, 30, 35, 37, 40).

**(8)    Timing of an Interim Status Conference**

The parties request that the Court cancel the currently scheduled interim status conference on August 4, 2025, and convene a further interim status conference in approximately 60 days or at a date thereafter that is convenient for the Court. The parties ask the Court to exclude the period until that conference under 18 U.S.C. § 3161(h)(7) in order that the defendant may have adequate time to review discovery. The defendant agrees to exclude the time between August 4, 2025, and the date of the interim status conference from the Speedy Trial calculation.

Respectfully submitted, this 31st day of July 2025,

>LEAH B. FOLEY
>United States Attorney
>
>*/s/ Elizabeth Riley*
>Elizabeth Riley
>Brian A. Fogerty
>Torey B. Cummings
>Assistant U.S. Attorneys
>
>MATTHEW FARWELL
>Defendant
>
>*/s/ Sandra Gant*
>Sandra Gant
>Kimberly Stevens
>Joanne Daley
>Attorneys for the Defendant

CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2025, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

>*/s/ Elizabeth Riley*
>Elizabeth Riley
>Assistant U.S. Attorney