UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>MATTHEW FARWELL    ) | Docket No. 1:24-cr-10259-DJC |

## ASSENTED-TO MOTION TO MODIFY PROTECTIVE ORDER

Matthew Farwell, through counsel and with the assent of the government, requests that this Court modify the government's Motion for Protective Order (D.E. 19), as outlined below. As grounds, Mr. Farwell submits that the proposed modification safeguards his right to participate in his own defense under the Sixth Amendment to the Constitution of the United States.

By way of background, prior to providing certain discovery to the defense, the government sought a protective order restricting the use of five categories of discovery materials relating to (a) crime scene photographs depicting the body of S.B.; (b) autopsy photos of S.B.; (c) phone and laptop extractions of S.B.; (d) medical records of S.B.; and (e) law enforcement reports identifying witnesses by name. D.E. 19, ¶ 2. The government's motion specifically requested that the court order that Mr. Farwell not be allowed to copy, keep, maintain, or possess documents that fall under these five categories of discovery and that he only be allowed to view the relevant discovery in the presence of the "Defense Team." *Id.* at ¶¶ 6, 7(e)-(f), 7(b). To permit expeditious production of discovery in this case, defense counsel agreed to the terms of the protective order and the government's motion was granted without objection. D.E. 22.

Mr. Farwell, with the assent of the government, now moves to modify the protective order with respect to the discovery materials under categories (c) (S.B.'s phone and laptop extractions) and (e) (law enforcement reports identifying witnesses by name). Specifically, discovery materials

under categories (c) and (e) will be designated "Protected Information II" and will remain subject to the provisions of ¶ 7 of the protective order at D.E. 19, with the exception of ¶ 7(e).

With respect to Protected Information II, members of the defense team will export and sanitize[1], if necessary, portions of S.B.'s phone and laptop extractions and will provide them to Mr. Farwell to review. They will also provide unredacted law enforcement reports for Mr. Farwell to review. These materials shall remain "Protected Information II" under the terms of the Protective Order entered by the Court in this case, except that Mr. Farwell may be permitted, only under the conditions set forth herein, to view this redacted discovery outside the presence of his counsel or their designees. Mr. Farwell will only review such evidence at evidence review appointments and will not print or retain copies of this evidence outside of the designated evidence review areas. Mr. Farwell may not write down or memorialize any materials contained in the Protected Information. At no time, under no circumstance, will any Protected Information be left in the possession, custody, or control of Mr. Farwell, whether he is incarcerated or not.

Pursuant to Local Rule 7.1, undersigned counsel has conferred with the government and understands that the government assents to the protective order modifications proposed herein.

Dated:

Respectfully submitted,

MATTHEW FARWELL,
By his attorneys,

*/s/ Sandra Gant*
Sandra Gant, BBO # 680122
Joanne Daley, BBO # 653375
Kimberly C. Stevens, NC State Bar # 20156
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061

---

[1] Any explicit images or videos (i.e., those containing nudity) must be redacted and/or sanitized from these portions/extractions.

Sandra_gant@fd.org

## CERTIFICATE OF SERVICE

    I, Sandra Gant, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on September 29, 2025.

*/s/ Sandra Gant*
Sandra Gant