UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

MATTHEW FARWELL

    Defendant

CRIMINAL No. 24-10259-DJC

## GOVERNMENT'S SECOND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DETENTION

The government submits this second supplemental memorandum in support of its motion for detention in order to incorporate evidence recently obtained by the investigative team.  In August 2024, the FBI seized an Apple iPhone that belonged to defendant Matthew Farwell, pursuant to a federal search warrant.  *See* Nos. 24-6661–63-MPK.  Out of an abundance of caution, the government agreed to permit the defense team to conduct a review of the seized data to identify and withhold any potentially privileged material before disclosing the remaining data to the government's investigative team.  On April 6, 2026, Farwell's counsel provided the government with a filtered version of the iPhone data.  While Farwell's attorneys have withheld more than 80,000 communications, a preliminary review of the filtered data they have disclosed has yielded new information that was not available to the government when it filed its supplemental memorandum.  *See* ECF No. 111.  This new information, which is described in more detail below,

is probative of Farwell's risk of flight and obstruction, and the profound danger he poses to the community.[1]

First, Farwell's iPhone data reveals that in 2021 and 2022, after Sandra Birchmore's death, his devices accessed pornographic material that suggests that he maintains a sexual interest in teenage girls.  On November 21, 2022, Farwell's phone accessed a pornographic video titled, "barley [sic] legal teen gets creampie from stepdad."  This video is approximately twenty-three minutes long and depicts a young adult-looking female, petite in stature with slight breast development, engaging in penile-vaginal intercourse with an adult male.  Throughout the video, the phrase, "teen gets creamed" appears in capital letters in the bottom right-hand corner.  Farwell's device also accessed pornographic videos with the following titles: "shocked and impregnated"; "videos targeting fucked up family teen"; and "pawg teen step-sister moans don't you dare cum inside me."[2]

Farwell's post-offense interest in the foregoing material is relevant to the court's determination of whether Farwell poses a risk to the community.  As set forth in the Affidavit in Support of Detention, the evidence indicates that Farwell took Birchmore's virginity in April of 2013, when she was fifteen years old and enrolled in the Stoughton Police Explorer's Program. *See* ECF No. 9-1, ¶¶ 17–21.  At the time, he was a twenty-seven-year-old police officer instructor.  During the course of their relationship, he would often require Birchmore to pretend as if she were thirteen or fourteen years old during sexual intercourse or pose as his sister and simulate nonconsensual incest.  *See* ECF No. 9-1, ¶¶ 24-25.  Farwell's enduring sexual interest in teenage

---

[1] The government also submits (under seal as Exhibit 16) a letter from victim Sandra Birchmore's family expressing their opposition to the release of the defendant.  *See* 18 U.S.C. § 3771(a)(4).

[2] *See* Exhibit 21 (pending motion to seal).

girls, even after Ms. Birchmore's murder, is a critical aggravating factor that courts consider in determining whether a defendant poses a danger to the community. *See United States v. McCarty,* 2009 WL 5061577 at *10, (D. Haw. Dec. 24, 2009). Here, this new evidence that Farwell maintains an interest in the sexualization of teenagers should weigh heavily in favor of detention.

Second, Farwell's iPhone data includes additional evidence relevant to the Court's assessment of the risk of obstruction. While Farwell accessed most websites, including pornographic websites, using his phone's default internet browser, he used DuckDuckGo to conduct internet searches for Sandra Birchmore and other information related to her death or the investigation.[3] DuckDuckGo enables users to browse internet sites while shielding their browsing history from third-parties. Farwell's affirmative efforts to hide his internet activity related to Sandra Birchmore underscores the difficulty of finding conditions that will ensure that Farwell— a somewhat tech-savvy former police officer—does not take steps to further obstruct the investigation and trial.

Third, Farwell's iPhone data contains additional evidence of risk of flight or nonappearance. On June 24, 2024, the day that it was widely reported in the media that Dr. Michael Baden[4] concluded that Birchmore died by homicidal strangulation, Farwell wrote a message in his iPhone's Notes application to a close friend.[5] In that note, he tells his friend that he wishes "this had all gone a different way." Farwell asks his friend not to forget his wife and to step in and raise his children. He indicates that "this is the hardest thing [he has] ever done" and

---

[3] *See* Exhibit 17 (pending motion to seal).

[4] Dr. Michael Baden is the former Chief Medical Examiner of New York City and former Chief Forensic Pathologist for the New York State Police. He was retained by Ms. Birchmore's estate to determine her cause of death.

[5] *See* Exhibits 18 and 20 (pending motion to seal).

that he would see his friend "on the other side."  While the note contains several self-serving, false statements, it is probative of Farwell's state of mind regarding his intent to flee or otherwise not appear for trial.  Farwell took no steps to flee, nor are there other notes like this written, during the three and a half years that he believed he had gotten away with the charged offenses.  However, when Dr. Baden's report was published, it was the first time that an expert had publicly opined that Birchmore's death was not a suicide.  And the data from Mr. Farwell's phone reveals that that is when his relevant state of mind changed.  Courts have held that ideations like those expressed in Exhibit 20 can constitute a risk of flight.  *See United States v. Cody*, 498 F.3d 582, 591 (6th Cir. 2007); *United States v. Workman*, 680 Fed. App'x 699, 702 (10th Cir. 2017); *United States v. Tropiano*, 296 F. Supp. 284, 286 (D. Conn. 1968).

*     *     *

For the reasons stated herein as well as those in the government's other memoranda in support of detention, the government requests that the Court order defendant Matthew Farwell detained pending trial.  The government further requests that, if the Court is inclined to release the defendant on conditions, it stay the order for such time to permit the government to file a motion for revocation of the order of release under 18 U.S.C. § 3145(a).

Respectfully submitted,

LEAH B. FOLEY
United States Attorney


By:     /s/ *Elizabeth C. Riley*
ELIZABETH C. RILEY
BRIAN A. FOGERTY
TOREY B. CUMMINGS
Assistant United States Attorneys

4

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

*Elizabeth C. Riley*
ELIZABETH C. RILEY
Assistant United States Attorney

Date: April 22, 2026