**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | )    Docket No. 1:24-cr-10259-DJC |
| v. | ) |
| | ) |
| MATTHEW FARWELL | ) |

**<u>DEFENDANT'S *ASSENTED TO* REQUEST THAT ANY REFERENCES TO SEALED MATERIALS AT THE HEARING ON HIS MOTION TO SUPPRESS EVIDENCE BE MADE AT SIDEBAR AND THE TRANSCRIPT IMPOUNDED PENDING TRIAL</u>**

Now comes the defendant Matthew Farwell and respectfully requests that, at the hearing on his Motion to Suppress Evidence, any references made by the parties to sealed or protected materials be made at sidebar. Mr. Farwell further requests that the transcript of any such sidebar be impounded pending trial.

In support of this motion, Mr. Farwell avers the following. The defendant's Motion to Suppress evidence and exhibits, and the government's Opposition memorandum and exhibits have been filed under seal, as they reference documents and evidence shielded by the protective orders issued by the Court in this case.

Consistent with this procedural history, the defendant asks that the Court requires that both parties refer to the contents of those sealed materials only at sidebar, and that any transcript be impounded pending trial. This is necessary to preserve the nature of the Court's orders themselves, and to guarantee Mr. Farwell's Fifth and Sixth Amendment rights to a fair trial by an impartial jury. Both objectives outweigh the right of the press and the public to hear these protected subjects.

Furthermore, this Court has not had the opportunity to rule on the admissibility of the various statements and pieces of evidence contained in the sealed pleadings or exhibits. Indeed, the defense expects to move in limine to preclude some of these items at trial. Many examples

contained in the defendant's Motion and the Government's Opposition are highly sensitive and potentially inflammatory. Given the volume and nature of the press coverage in this matter, the defense is seeking to preserve Mr. Farwell's rights to due process and trial by a fair and impartial jury.

"The Supreme Court 'has long recognized that adverse publicity can endanger the ability of a defendant to receive a fair trial.'" *Gannett Co. v. DePasquale*, 444 U.S. 368, 378 (1979). Publicity concerning pretrial suppression hearings such as the one involved in the present case poses special risks of unfairness. The whole purpose of such hearings is to screen out unreliable or illegally obtained evidence and insure that this evidence does not become known to the jury. *Cf. Jackson v. Denno,* 378 U. S. 368 (1964).

Therefore, the defense asks that any references to the matters filed under seal be made at sidebar in order to protect the integrity of both the protective orders and these proceedings, and to safeguard Mr. Farwell's Fifth and Sixth Amendment rights. He further requests that any transcript be impounded pending trial.

Pursuant to Local Rule 7.1, undersigned counsel conferred with the government prior to filing this requests and understands that the government assents.

Dated: 5/14/2026

Respectfully submitted,

MATTHEW FARWELL,
By his attorneys,

*/s/ Joanne M. Daley*
Joanne M. Daley, BBO # 653375
Kimberly C. Stevens, NC State Bar # 20156
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061
Joanne_daley@fd.org

## **CERTIFICATE OF SERVICE**

I, Joanne M. Daley, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on May 14, 2026.

*/s/ Joanne M. Daley*
Joanne M. Daley