**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) Docket No.: 24-cr-10259-DJC |
| | ) |
| | ) ***LEAVE TO REPLY GRANTED ON*** |
| MATTHEW FARWELL | ) ***JULY 13, 2026*** |
| | ) |
| | ) |
| | ) |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S OPPOSITION TO**
**HIS MOTION FOR A BILL OF PARTICULARS**

The defendant, Matthew Farwell, respectfully replies to the government's opposition to his motion for a bill of particulars. Mr. Farwell relies on his motion and seeks here only to respond to specific assertions and omissions by the government.

In its opposition, the government again misstates the law and the elements it must prove under § 1512 and *Fowler v. United States*, 563 U.S. 668 (2011). Contrary to the government's repeated assertions, *it must show a federal nexus*. It cannot avoid this requirement, which is threaded throughout every element of § 1512(a)(1)(c).

Moreover, Mr. Farwell's brief does *not*, as the government alleges, assert that "the government must prove that Farwell killed Birchmore intending to prevent a communication to a *specific* federal law enforcement officer." D.E. 164, at 3 (emphasis added). What Mr. Farwell seeks, in sum, is an answer to the question: what facts show a *reasonable likelihood* that *the person* whose communication Mr. Farwell allegedly *sought to prevent* would have made *at least one relevant communication* regarding the commission of a *federal* offense to **_any_** *federal* law enforcement officer? Each and every component of this question remains unanswered.

1

This Court's jury instruction in *United States v. Casanova* is instructive here. No. 13-10077-DJC (D. Mass). The instruction clearly delineates the federal nexus component:

> Federal law prohibits attempting to kill a person to *prevent* a communication about the commission of a *federal* offense to a *federal* law enforcement officer. As to Count One [§ 1512(a)(1)(c)], the government must show beyond a reasonable doubt that: one, that on or about the date charged, the defendant attempted to kill [victim]; and two, that the defendant did so with the intent to *prevent a communication* about the commission of a *federal* offense to a *federal* law enforcement officer or judge. The government *need not* prove that the defendant had federal law enforcement officers in mind, but *then the government must show that there was **a reasonable likelihood that a relevant communication***, had it actually occurred, ***would have been made*** to a *federal* law enforcement officer or judge.

Trial Transcript (D.E. 768), at 7-135, *U.S. v. Casanova*, No. 13-10077-DJC (D. Mass June 1, 2016) (emphases added).

Here, Mr. Farwell, to reiterate his Motion, D.E. 162, at 7, is simply asking that the government fulfill its obligations to sufficiently "apprise [Mr. Farwell] of the charged *conduct*[,]" *United States v. Baugh*, 588 F. Supp. 3d 140, 148 (D. Mass. 2022) (emphasis added), and the factual bases for *Fowler*'s requirement that "the likelihood of communication to a federal officer was *more than remote, outlandish, or simply hypothetical*[,]" 563 U.S. at 678 (emphasis added). Under *Fowler*, the Government *must* show a "reasonable likelihood" that "*at least one relevant communication* would have been made to a federal law enforcement officer[,]" *id*., at 673 (emphasis added), or at the least, to a federal law enforcement *entity*. Despite receiving significant discovery, Mr. Farwell remains without an answer.

2

Next, in its opposition, the government misunderstands and misstates the relief Mr. Farwell seeks through his motion.  Mr. Farwell does not "rehash" his motion to dismiss (D.E. 90) but is instead using the procedural mechanism the government itself recommended, D.E. 162, at 4-5, to rectify the deficiencies of the Superseding Indictment outlined in his motion – a bill of particulars.  *Id.*, at 3-5, 8-10.  Indeed, Mr. Farwell specifically states in his motion: "the Superseding Indictment may 'provide[] Farwell [with] sufficient notice of the *charges* against him[,]' *see* D.E. 97, at 8 (emphasis added), but when taken together, the charging document fails to provide the essential *facts and conduct* to enable Mr. Farwell to prepare a defense particularly with regard to the alleged federal nexus in the case."  D.E. 162, at 2-3.

Additionally, the government erroneously alleges that Mr. Farwell seeks to pierce the veil of the government's trial strategy by demanding information as to how it "will prove the elements of the crime." D.E. 164, at 2.  Not so. As described **ante**, Mr. Farwell has repeatedly sought clarification as to the *federal* nexus element of the statute, which is not outlined in the Superseding Indictment.

To illustrate Mr. Farwell's point, the Fourth Superseding Indictment ("FSI") in *United States v. Casanova* is helpful.  Fourth Superseding Indictment (D.E. 555), *United States v. Casanova*, No. 13-CR-10077-DJC (D. Mass Feb. 25, 2016).  There, the government charged Mr. Casanova with § 1512(a)(1)(C).  *Id.*, at ¶ 15.  The FSI alleged that Mr. Casanova and co-conspirators had engaged in criminal activity that clearly falls under federal jurisdiction – sex trafficking in or affecting interstate commerce.  *See id*, at ¶ 6.  The government then detailed how Casanova and co-conspirators allegedly suspected the victim "cooperated with *federal* law enforcement," they discussed this alleged cooperation, and "[they were] concerned that [the victim] would provide additional cooperation and assistance to *federal* law enforcement."  *Id.*, at

¶ 13 (emphasis added).  As a result, the government averred that "Casanova [. . . ] agreed that [the victim] should be prevented from speaking with *federal* law enforcement and/or testifying about their criminal activity, including the sex trafficking operation[,]" conduct that clearly fell within federal jurisdiction.  *Id.* (emphasis added).

Following this factual description of the *conduct* undergirding the federal nexus between Casanova's alleged *federal* criminal activity – activities that, as alleged, would clearly fall under federal jurisdiction – *and* the victim's alleged cooperation with *federal* law enforcement, the factual bases for the government's charging of Mr. Casanova under § 1512(a)(1)(c) was sufficient.  And the government was able to do so without providing any specific evidence to the defendant or revealing its trial strategy.

Critically, as drafted, the *Casanova* FSI addresses the major elements of § 1512(a)(1)(c): (1) that a killing occurred, (2) the "commission or possible commission of the *federal* offenses" at issue, (3) the alleged "intent" related to preventing communication to *federal* law enforcement, (4) the identity of the person whose communication the defendant sought to prevent, (5) the *reasonable likelihood* that any communication *prevented* would have been to *any federal* law enforcement officer,  and (6) the nexus between the communication prevented and any investigation into the commission or possible commission of the described *federal* offenses.  Mr. Farwell requests that the government provide this same level clarity through a bill of particulars.

Nor do the documents that the government filed to support its opposition to Mr. Farwell's motion for a bill of particulars answer for the deficiencies in the Superseding Indictment (D.E. 63), or provide Mr. Farwell with sufficient notice of the federal nexus, as the statute requires.  None of what the government attached to its opposition addresses the questions

posed both in Mr. Farwell's motion and herein.  They do not provide sufficient factual information, described **ante**, at 4.  And saying the same thing and providing the same documents over and over again does not sufficiency make.  Indeed, had Mr. Farwell determined that the documents again submitted by the government were sufficient, and which he had previously reviewed, *did* sufficiently inform him of the federal nexus element, he would not have filed the instant motion.

In fact, the documents provided by the government again only highlight that a communication to law enforcement was and would most likely *only* be made to local or state law enforcement, which as the *Fowler* Court held, is insufficient to support an indictment under § 1512.  563 U.S. at 674 (In reversing the conviction, the Court held that "the government must show more than . . . the intent to prevent communications to law enforcement officers in general.").  Moreover, the *only* communication that the government references regarded conduct – theft *by the decedent* and, according to some versions of the story, sex with a person under the age of 16 – over which the Commonwealth of Massachusetts has sole jurisdiction.  Thus, the government would seek to "transform a federally oriented statute into a statute that would deal with crimes, investigations, and witness tampering that, as a practical matter, are purely state in nature[.]" *Id.*, at 677.  Should the documents attached to its opposition be all that the government can allege as to a communication with law enforcement, this Court lacks jurisdiction over the allegations in this case.

Finally, the government repeatedly and continuously denies its obligations to prove a required federal nexus element where, *even if* the government "need not prove that the defendant had federal law enforcement officers in mind," Trial Transcript (D.E. 768), at 7-135, *Casanova*, No. 13-10077-DJC (emphases added), it *must then* prove that there was "*a reasonable likelihood*

that a *relevant* communication, had it actually occurred, *would have been* made to a *federal* law enforcement officer or judge," *id*.  As a result, Mr. Farwell does not believe that he or this Court "can be assured that the grand jury got the correct instructions[,]" D.E. 100, at 32, and requests that the Court order the government to provide the grand jury instructions along with the bill of particulars to ensure that the grand jury was properly instructed.  Alternatively, Mr. Farwell requests that this Court undertake an *in camera* review of those instructions to ensure they align with statute's requirements.

Because the government has yet to provide Mr. Farwell with a federal nexus that is "more than remote, outlandish or simply hypothetical," *Fowler*, 563 U.S. at 678, so that he can prepare for trial with an indictment that "apprise[s] the Defendant[] of the charged *conduct*[,]" *Baugh*, 588 F. Supp. 3d at 148 (emphasis added), and for those reasons stated in Mr. Farwell's motion for a bill of particulars (D.E. 162), the Court should grant his motion and request to review the grand jury instructions.

Dated: July 13, 2026                    Respectfully submitted,

                                        MATTHEW FARWELL,
                                        By his attorneys,

                                        */s/ Kimberly C. Stevens*
                                        Kimberly C. Stevens, NC State Bar # 20156
                                        Joanne M. Daley, BBO # 653375

                                        Federal Public Defender Office
                                        51 Sleeper Street, 5th Floor
                                        Boston, MA 02210
                                        617-223-8061
                                        Joanne_daley@fd.org

6

**CERTIFICATE OF SERVICE**

I, Kimberly C. Stevens, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on July 13, 2026.

/s/ Kimberly C. Stevens
Kimberly C. Stevens

7