**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**MATTHEW FARWELL,**<br><br>**Defendant.** | **Case No. 24-cr-10259-DJC** |

**MEMORANDUM AND ORDER**

**CASPER, C.J.** **July 21, 2026**

## I. Introduction

Defendant Matthew Farwell ("Farwell") has moved for a bill of particulars seeking specific facts regarding the federal nexus of the charges brought against him. Having considered Farwell's motion, D. 162, the government's opposition, D. 164, and Farwell's reply, D. 170, the Court DENIES the motion.

## II. Background

The Court here incorporates by reference the government's allegations against Farwell charged in the superseding indictment, D. 63, and as further as set forth in the Court's prior rulings in this matter, D. 87 at 1-2, see D. 97 at 2-3. The charges in the superseding indictment charge Farwell with killing a witness or victim in violation of 18 U.S.C. § 1512(a)(1)(C) (Count I) and with causing the death of a child in utero 18 U.S.C. § 1841(a)(1), (a)(2)(A) and (a)(2)(C) (Count II). D. 63. Both charges arise out of the death of Sandra Birchmore ("Birchmore) on or about February 1, 2021. Id.

## III. Procedural History

On August 27, 2024, a grand jury indicted Farwell for killing a witness or victim in violation of 18 U.S.C. § 1512(a)(1)(C). D. 1. On October 28, 2025, a grand jury returned a superseding indictment adding a charge under 18 U.S.C. § 1841(a)(1), (a)(2)(A) and (a)(2)(C) for causing the death of a child in utero. D. 63. As relevant to the present motion, Farwell moved to dismiss the superseding indictment on January 30, 2026, D. 90, which, after briefing and hearing, D. 90, 94-95, the Court denied on March 9, 2026, D. 97. Farwell has now moved for a bill of particulars. D. 162.

## IV. Discussion

### A. Applicable Law and Farwell's Requested Bill of Particulars

As permitted by Fed. R. Crim. P. 7(f), a defendant "may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits" and the Court may, in its discretion, direct the government to file a bill of particulars. Id.; United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir. 1992) (noting that "[i]t is well settled that the grant or denial of a motion for a bill of particulars lies within the sound discretion of the trial judge"). Still, "[m]otions for bills of particulars are seldom employed in modern federal practice." United States v. Sepulveda, 15 F.3d 1161, 1192 (1st Cir. 1993). "When pursued, they need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." Id. at 1192-93; see Abreu, 952 F.2d 1469. "When considering whether a defendant has made the requisite showing [for a bill of particulars], court may consider the complexity of the crime charged, the clarity of the indictment and the degree of discovery and other sources of information otherwise available to the defendant." United States v. Gasana, 719 F. Supp. 3d 175, 177-78 (D.N.H. 2024) (internal citation and quotation marks omitted); see United States v.

Jimenez, No. 19-cr-10278-RWZ, 2020 WL 6364016, at *1 (D. Mass. Oct. 29, 2020). A bill of particulars, however, "is not designed to be a discovery device or to permit defendants to preview the evidence or the government's theory of the case." United States v. Merchia, No. 22-cr-10355, 2024 WL 1678152, at *1 (D. Mass. Apr. 18, 2024).

Here, Farwell invokes the Fifth and Sixth Amendments and Rule 7(f) and contends that a bill of particulars here "will ensure that any prosecution is based only on facts presented to the grand jury, enable the accused to plead jeopardy against any possible future prosecution, and inform the Court of the facts alleged so that it can determine the sufficiency of the charge." D. 162 at 1. Specifically, Farwell contends that he cannot prepare an adequate defense because the information thus far fails to provide "details regarding": "the alleged 'intent' related to preventing communication to federal law enforcement"; the reasonable likelihood that any communication prevented would have been to *federal* law enforcement"; "the person whose communications the defendant sought to prevent"; "that person's cooperation with *any* law enforcement entity"; "the 'commission or possible commission of the federal offenses' described in the indictment"; and "any nexus between the communication prevented and any investigation into the commission or possible commission of the described federal offenses." D. 162 at 8 (emphasis in original). These alleged deficiencies focus upon the elements of Count I, the killing of a witness or victim in violation of 18 U.S.C. § 1512(a)(1)(C).

Accordingly, to cure these alleged deficiencies, Farwell requests a list of these six particulars: 1) details regarding the person whose communication Farwell allegedly sought to prevent; 2) facts to show a reasonable likelihood that this person would have made at least one relevant communication to a federal law enforcement officer; 3) facts to show that Farwell allegedly killed Birchmore with the intent to prevent the communication by any person to a federal

law enforcement officer of information relating to the commission or possible commission of the crimes enumerated in Count I; 4) facts that show that Farwell allegedly killed Birchmore with the intent to prevent the communication by any person to a federal law enforcement officer information relating to the commission of or possible commission of the crimes enumerated in Count I, and that at least one relevant communication would have been made to a federal law enforcement officer or federal judge and that the likelihood of communication to a federal officer was "more than remote, outlandish or simply hypothetical"; 5) whether there was "a federal law enforcement or Judge of the United States to whom at least one relevant communication would have been made arising from the alleged conduct at issue in the superseding indictment; and if so, who was that person"; and 6) "the alleged connection between the federal law enforcement officer and/or office and the circumstances at issue here to whom the communication would likely have been made." Id. at 9-10. The government opposes the bill of particulars but, in its opposition, has supplemented its disclosures regarding Requests No. 1 and 5 enumerated above. D. 164 at 3.

**B. A Bill of Particulars is Not Warranted**

Having already considered and denied Farwell's motion to dismiss the superseding indictment, the Court does not write on a blank slate here. In its Memorandum and Order resolving that motion, the Court concluded that "Count I recites the elements of the crime and further alleges that Farwell killed Birchmore on approximately February 1, 2021, in Canton, to prevent communication to a law enforcement officer about the commission or possible commission of three federal offenses," D. 97 at 10, and rejected Farwell's argument about the deficiency of same in ruling that "all the essential elements of the § 1512(a)(1)(C) crime were charged in Count I." Id. at 7. Farwell is not entitled to greater specificity where the operative indictment "elucidates the elements of the crime, enlightens [him] as to the nature of the charge against which [he] must

defend, and enables [him] to plead double jeopardy in bar of future prosecutions for the same offense." Sepulveda, 15 F.3d at 1192; see United States v. Hagan, 683 F. Supp. 3d 72, 77 (D. Me. 2023) (stating that "a defendant is not entitled by way of a bill of particulars to obtain details revealing the precise manner in which the government alleges that he committed the crimes charged or the manner in which it will attempt to prove the charges" (internal citation and quotation marks omitted)).[1]

Moreover, Farwell's request comes after the production of discovery by the government which, by Farwell's own measure, included more than 286,000 pages of discovery, over 43 hours of audio and video evidence, over 750,000 pages of digital extraction reports. D. 162 at 3. In addition, the government now has supplemented its disclosures as to the request for details regarding the person whose communication Farwell allegedly sought to prevent (Request No. 1) and the federal law enforcement to whom at least one relevant communication would have been made (Request No. 5). D. 164 at 3. Given the Court's ruling about the sufficiency of the superseding indictment, the production of discovery and the supplemental disclosures, the Court concludes that a bill of particulars is not warranted where Farwell has been put on notice of the nature of the charges against him, will not be caught by unfair surprise at trial, or hampered in his defense or protection from double jeopardy. Sepulveda, 15 F.3d at 1192-93; D. 97 at 10.

---

[1] To the extent that Farwell's request for a bill of particulars echoes his arguments about the requisite elements for Count I and the federal nexus for same, the Court addressed those matters in the denial of the motion to dismiss, see D. 97 at 4-8, and the Court incorporates that analysis here. To the extent that Farwell's reply seeks the grand jury instructions regarding same, D. 170 at 6, the Court does not conclude that a particularized need for same has been shown here and denies such request. See United States v. Carmona-Bernacet, 600 F. Supp. 3d 155, 172 (2022).

## V. Conclusion

For the foregoing reasons, the Court DENIES Farwell's motion for a bill of particulars, D. 162.

**So Ordered.**

/s Denise J. Casper
Chief United States District Judge