**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Docket No. 1:24-cr-10259-DJC |
| | ) | |
| | ) | |
| MATTHEW FARWELL | ) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE IMPROPER OPINION TESTIMONY FROM DECEDENT'S TREATMENT PROVIDERS**

Now comes the defendant, Matthew Farwell, pursuant to the Federal Rules of Evidence (FRE) 401, 402, 403, 701, and 702, and moves that this Court preclude improper personal opinion testimony of Diana Alkhalil, LMHC, and Priyanka Venkataraman, MD FACOG. The United States has given notice pursuant to Fed. R. Crim. P. 16(a)(1)(G) of its intent to elicit hybrid, i.e. both expert and fact testimony, from each witness.

Ms. Alkhalil provided mental health counselling to Sandra Birchmore from approximately 2007 or 2008 until approximately 2011. Treatment resumed around November 2016 and continued until Ms. Birchmore's death in February 2021.

Dr. Venkataraman treated Sandra Birchmore from December 2019 until her death in February 2021. In particular, Dr. Venkataraman treated Ms. Birchmore during her first trimester of her pregnancy from December 2020 until her death. This treatment included prescribing antidepressant medication.

The defense does not dispute that Ms. Alkhalil and Dr. Venkataraman are competent to testify to Ms. Birchmore's medical and mental health history as known to them, their observations of her physical presentation and demeanor as a patient, and to their specialized knowledge in each of their respective professions.

However, neither Ms. Alkhalil nor Dr. Venkataraman should be permitted to express their personal opinions, including feelings of surprise or disbelief, over Ms. Birchmore's death.

**Legal Analysis**

"Relevant evidence" is defined as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401

Irrelevant evidence is not admissible. FRE 402

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. FRE 403

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. FRE 701

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case. FRE 702

FRE 403 empowers a trial judge to exclude evidence that is relevant under the

definition of FRE 401, if despite its relevance, "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Unfair prejudice". . . "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 179 (1997), citing 1 J. Weinstein, M. Berger, & J. McLaughlin, Weinstein's Evidence P403[03](1996). Stated differently, "unfair prejudice" in the context of the rule means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Id., citing Advisory Committee Notes on Fed. Rule Evid. 403, 28 U.S.C. App. p. 860.

Marginally relevant background evidence will be excluded under rule governing when the probative value of evidence is substantially outweighed by the danger of unfair prejudice, if it has the capacity to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged. Fed. R. Evid. 403. *United States v. Armenteros-Chervoni*, 133 F.4th 8 (1st Cir. 2025).

Lay opinion testimony is not helpful to the jury in acquiring a clear understanding of the witness's testimony or the determination of a fact in issue, as required for its admission, when the jury can readily draw the necessary inferences and conclusions without the aid of the opinion. *United States v. Sanabria*, 645 F.3d 505 (1st Cir. 2011).

Admission of expert testimony is governed by evidence rule pertaining to expert testimony, but that is not the only hurdle expert testimony must clear, in that expert testimony is still subject to the rigors of other rules. *United States v. Soler-Montalvo*, 44 F.4th 1 (1st Cir. 2022). Expert testimony can carry with it an unwarranted aura of special reliability and

trustworthiness, and as such, courts must guard against letting it intrude in areas that jurors, by dint of common experience, are uniquely competent to judge without the aid of experts, and because of this risk, the judge in weighing possible prejudice against probative force of relevant evidence exercises more control over experts than over lay witnesses. *Id*.

"Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 ... exercises more control over experts than over lay witnesses." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) (quoting Jack B. Weinstein, Rule 702 of the Federal Rules of Evidence Is Sound; It Should Not Be Amended, 138 F.R.D. 631, 632 (1991)).

To be a proper subject of expert testimony, proof offered to add to jury's knowledge must present them with a system of analysis that the court, in its discretion, can find reasonably likely to add to common understanding of the particular issue before the jury. *U. S. v. Fosher*, C.A.1 (Mass.) 1979, 590 F.2d 381.

A district court's determination of whether an expert's testimony is within the realm of lay-knowledge, precluding its admission, is guided by a common sense inquiry. Fed. R. Evid. 702(a). *States v. Middleton*, 176 F.4th 90 (1st Cir. 2026).

Expert witness's proffered testimony that defendant's confession was unreliable amounted to an improper opinion that defendant was not guilty, requiring its exclusion. *United States v. Jacques*, 784 F. Supp. 2d 59 (D. Mass. 2011).

While there is no prohibition against a witness testifying as both an expert and a fact witness, courts must be mindful when the same witness provides both lay and expert testimony, because of the heightened possibility of undue prejudice. *United States v. Flores-De-Jesus*, 569 F.3d 8 (1st Cir. 2009).

If a witness testifies as both a fact witness and an expert witness in the same trip to the witness stand the government and the court must take some special precautions to make clear for the jury when the witness is relying on his expertise and when he is relying only on his personal knowledge of the case. *United States v. Haines*, 803 F.3d 713 (5th Cir. 2015).

Safeguards sufficient to ensure that a witness's dual role as an expert and lay witness does not prejudice or confuse a jury might include requiring the witness to testify at different times, in each capacity; giving a cautionary instruction to the jury regarding the basis of the testimony; allowing for cross-examination by defense counsel; establishing a proper foundation for the expertise; or having counsel ground the question in either fact or expertise while asking the question. Id.

Concerns about juror confusion may require exclusion altogether of, or imposition of strict scope limits on, expert portion of hybrid witness's testimony or use of other procedural safeguards against jury confusion. Fed. R. Evid. 403. *United States v. Sutton*, 642 F. Supp. 3d 57 (D.D.C. 2022), on reconsideration in part, No. CR 21-0598 (PLF), 2022 WL 17572835 (D.D.C. Dec. 7, 2022).

**<u>Relevant Literature</u>**

"To prevent suicide, it must first be predictable. Clinicians have been trained to identify patients who have the risk factors associated with death by suicide. But they cannot predict which patients will eventually die, or to use this information to save them. The problem in predicting suicide from ideation, from attempts, or from other risk factors is a very large number of false positives." Joel Paris, *Can we predict or prevent suicide?: An update*, 152:1 PREVENTIVE MEDICINE (2021), ISSN 0091-7435.[1]

[1] Available at https://doi.org/10.1016/j.ypmed.2020.106353.

"In over 50 years of practicing psychiatry, every patient who has died by suicide has surprised me. After each death, I asked myself, "Should I have known? Could I have prevented this?" These are the same questions their surviving loved ones ask me as they deal with the grief that is complicated by feelings of guilt." Loren A. Olson M.D., "The Fundamental Unpredictability of Suicide: No one can predict which individuals might die by suicide," *Psychology Today*, April 15, 2023.[2]

**Argument**

As her treatment providers, it is understandable that both Ms. Alkhalil and Dr. Venkataraman experienced strong emotions upon learning of Ms. Birchmore's untimely demise, including grief, disbelief, regret, and possibly guilt. These sentiments, while understandable, are not relevant to the guilt or innocence of the defendant. FRE 401, 402. Assuming arguendo this opinion testimony is marginally relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. This is particularly significant given their statuses in this case as hybrid prosecution witnesses. FRE 403. Finally, such feelings are easily understood, possibly even shared, by jurors as laypeople and are, therefore, not admissible. FRE 701, 702.

**Conclusion**

For the foregoing reasons, Mr. Farwell respectfully requests that this Court exclude at trial this improper opinion testimony.

[2] Available at https://www.psychologytoday.com/us/blog/finally-out/202304/the-fundamental-unpredictability-of-suicide-0

Dated: August 3, 2026

Respectfully submitted,

MATTHEW FARWELL,

By his attorneys,
*/s/ Joanne M. Daley*

Joanne M. Daley, BBO # 653375
Kimberly C. Stevens, NC State Bar # 20156
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061
Joanne_daley@fd.org

**CERTIFICATE OF SERVICE**

I, Joanne M. Daley, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on August 3, 2026.

*/s/ Joanne M. Daley*

Joanne M. Daley