**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Docket No. 1:24-cr-10259-DJC |
| | ) | |
| | ) | |
| MATTHEW FARWELL | ) | |

# **DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim. P. 30, defendant Matthew Farwell asks the Court to include the following instructions in its charge to the jury. Mr. Farwell reserves the right to supplement or amend these requests as the facts and law develop during the trial.

Dated: August 3, 2026

Respectfully submitted,
MATTHEW FARWELL,
By his attorneys,
*/s/ Joanne M. Daley*

Joanne M. Daley, BBO # 653375
Kimberly C. Stevens, NC State Bar # 20156
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061
Joanne_daley@fd.org

DEFENDANT'S REQUESTED INSTRUCTION NO. 1

## PRESUMPTION OF INNOCENCE[1]

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Admilson Farwell, has the benefit of that presumption throughout the trial and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that a defendant is guilty of the crime with which he is charged beyond a reasonable doubt. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Mr. Farwell has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him. A defendant never has the burden to prove his innocence.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of the crime charged, it is your duty to find him not guilty of that crime. On the other hand, if, after fair and impartial consideration of all the evidence, you are

[1] *See* Pattern Criminal Jury Instructions for the District Courts of the First Circuit, available at https://www.med.uscourts.gov/sites/med/files/crpjilinks.pdf [hereinafter First Circuit Pattern Instructions] – 3.02 (Presumption of Innocence).

convinced beyond a reasonable doubt of the defendant's guilt of the crime charged, you should find him guilty of that crime.

DEFENDANT'S REQUESTED INSTRUCTION NO. 2

## **PROOF BEYOND A REASONABLE DOUBT**[2]

The burden is upon the government to prove beyond a reasonable doubt that Mr. Farwell is guilty of the charge against him. It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt. Proof beyond a reasonable doubt is the highest standard of proof known to the law. It requires that the evidence exclude any reasonable doubt concerning the defendant's guilt. It means that you, the jurors, may not convict the defendant unless or until you have reached near certitude that he is guilty.

A reasonable doubt may arise not only from the evidence produced, but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a person is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions – one that the defendant is guilty as charged, the other that the defendant is not guilty – you will find the defendant not guilty.

It is not sufficient for the government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond a reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

---

[2] *See* First Circuit Pattern Instructions – 3.02 (Presumption of Innocence; Proof Beyond a Reasonable Doubt); *United States v. Cleveland*, 106 F.3d 1056, 1062-63 (1st Cir. 1997).

What the government must do to meet its heavy burden is to establish the truth of each part of the offense charged by proof that leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether Mr. Farwell is guilty of the offense, you must give him the benefit of the doubt and find him not guilty of the charge.

DEFENDANT'S REQUESTED INSTRUCTION NO. 3

**INDICTMENT IS NOT EVIDENCE**[3]

Mr. Farwell has been charged by way of an indictment. You are not to draw any adverse inferences against Mr. Farwell from the fact that he was indicted. The indictment is simply the description of the charge against the defendant; it is not evidence of anything. Mr. Farwell has pled "Not Guilty" and, therefore, he denies that he is guilty of the crimes charged in the indictment. A defendant is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

[3] *See* First Circuit Pattern Instructions – 1.02 (Nature of Indictment).

DEFENDANT'S REQUESTED INSTRUCTION NO. 4

## **WHAT IS EVIDENCE; INFERENCES; STIPULATIONS**[4]

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and Mr. Farwell accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact you know exists. There are times when different inferences may be drawn from certain facts. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw. The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the

[4] *See* First Circuit Pattern Instruction - 3.04 (What is Evidence; Inferences), 2.01 (Stipulations); Sand, et al, *Modern Federal Jury Instructions (Crim)*, Inst. 6.01 (2023).

jury, are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence.

DEFENDANT'S REQUESTED INSTRUCTION NO. 5

**KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL**[5]

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

[5] *See* First Circuit Pattern Instruction - 3.05 (Kinds of Evidence: Direct and Circumstantial).

DEFENDANT'S REQUESTED INSTRUCTION NO. 6

**WITNESS CREDIBILTY**[6]

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says, part of it, or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness had a past grievance with a defendant; (6) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (7) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

[6] *See* First Circuit Pattern Instructions – 1.06 (Credibility of Witnesses).

DEFENDANT'S REQUESTED INSTRUCTION NO. 7

## **TESTIMONY OF LAW ENFORCEMENT OR GOVERNMENT OFFICIAL**[7]

You have heard the testimony of law enforcement officers. The fact that a witness may be employed by the federal or state government as a law enforcement officer does not mean that their testimony is necessarily deserving of more or less consideration or greater or less weight than that of an ordinary witness. The testimony of a law enforcement official is entitled to no special or exclusive sanctity. A law enforcement witness that takes the stand subjects their testimony to the same examination and the same tests that any other witness does, and you should not believe them merely because they are law enforcement. You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness. Law enforcement officers do not stand in any higher station in the community than other persons do, and their testimony is not entitled to greater weight.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that their testimony may be colored by a personal or professional interest in the outcome of the case.

It is also appropriate to consider whether, in his or her investigation, the particular law enforcement witness acted in accordance with the standards of his department or agency. If not, you must consider the failure(s) to comply with proper procedures both in evaluating the witness's credibility and in evaluating the propriety of his or her conduct.

[7] Adapted from Sand et al., *Modern Federal Jury Instructions (Crim.)*, Inst. 7-16 (2023).

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find that it deserves.

DEFENDANT'S REQUESTED INSTRUCTION NO. 8

**PRIOR INCONSISTENT STATEMENTS**[8]

You have heard evidence that before testifying at this trial, some witnesses made statements concerning the same subject matter as his or her testimony in this trial. You may consider that earlier statement to help you decide how much of the witness's testimony to believe. If you find that the prior statement was not consistent with the witness's testimony at this trial, then you should decide whether that affects the believability of the witness's testimony at this trial.

[8] *See* First Circuit Pattern Instructions – 2.03 (Impeachment by Prior Inconsistent Statement).

DEFENDANT'S REQUESTED INSTRUCTION NO. 9

**OBJECTIONS**[9]

At times during the trial, you heard lawyers make objections to questions asked by other lawyers, and to answers by witnesses. It is a proper function of lawyers to make objections. In objecting, a lawyer is requesting that I make a decision on a particular rule of law. Do not draw from such objections, or from my rulings on the objections, any inferences about facts. The objections and my rulings related only to legal questions that I had to determine. They should not influence your thinking about the facts.

[9] *See* First Circuit Pattern Instructions – 1.05 (Evidence; Objections; Rulings; Bench Conferences).

DEFENDANT'S REQUESTED INSTRUCTION NO. 10

**DEFENDANT'S DECISION NOT TO TESTIFY (if applicable)**[10]

You may have noticed that Mr. Farwell did not testify at this trial. The defendant has an absolute right not to testify, since the entire burden of proof in this case is on the Government to prove that the defendant is guilty. It is not up to the defendant to prove that he is innocent. The fact that the defendant did not testify has nothing to do with the question of whether he is guilty or not guilty. You are not to draw any adverse inference against the defendant because he did not testify. You are not to consider it in any way, or even discuss it in your deliberations. You must determine whether the Government has proved its case against the defendant based solely on the testimony of the witnesses and the exhibits.

[10] *See* Massachusetts Criminal Model Jury Instructions for Use in the District Court, Instruction 3.600, Rev. January 2013

DEFENDANT'S REQUESTED INSTRUCTION NO. 11

The Defendant respectfully requests the following additional instructions as contained in the 2024 Pattern Jury Instructions for the First Circuit and its commentary.

**4.18.1512(a)(1)(C) Witness Tampering—Killing or Attempted Killing to *Prevent* Communication with Federal Law Enforcement**

In defining the word "prevent" in § 1512(a)(1)(c) (killing another with intent to prevent communication to a law enforcement officer related to the commission of a federal offense), the Supreme Court has said that "the Government must show that the likelihood of communication to a federal officer was more than remote, outlandish, or simply hypothetical." *Fowler v. United States*, 131 S. Ct. 2045, 2052 (2011).

Dated: August 3, 2026

Respectfully submitted,
MATTHEW FARWELL,
By his attorneys,
*/s/ Joanne M. Daley*

Joanne M. Daley, BBO # 653375
Kimberly C. Stevens, NC State Bar # 20156
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061
Joanne_daley@fd.org

**CERTIFICATE OF SERVICE**

I, Joanne M. Daley, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on August 3, 2026.

*/s/ Joanne M. Daley*

Joanne M. Daley