**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Docket No. 1:24-cr-10259-DJC |
| v. | ) | |
| | ) | |
| MATTHEW FARWELL | ) | |

## DEFENDANT'S MOTION TO RECONSIDER ADMITTING DEFENDANT'S FULL STATEMENT

Matthew Farwell, by and through counsel, and pursuant to Federal Rules of Evidence (FRE) 106, respectfully moves the Court to reconsider its decision to preclude the completion of Mr. Farwell's statement to Troopers Dunne and Fanning on cross examination because it was not being introduced as the statement by a party opponent.

In 2023, the FRE Advisory Committee amended Rule 106 so that the "party that presents a distortion [of a statement] . . . forfeited its right to object on hearsay grounds to a statement that would be necessary to correct the misimpression." Fed. R. Evid. 106 advisory committee's note to 2023 amendment. The amendment "displace[d] the common-law rule of completeness," because "the rule of completeness, grounded in fairness, cannot fulfill its function if the party that creates a misimpression about the meaning of a proffered statement can then object on hearsay grounds and exclude a statement that would correct the misimpression." *Id.*

Indeed, the exemplar provided by the Committee is instructive here:

> assume the defendant in a murder case admits that he owned the murder weapon, but also simultaneously states that he sold it months before the murder. In this circumstance, admitting only the statement of ownership because it suggests that the defendant implied that he owned the weapon at the time of the crime--when that is not what he said. ***In this example the prosecution, which has created the situation that makes completion necessary, should not be permitted to invoke the hearsay rule and thereby allow the misleading statement to remain unrebutted.***

*Id.* (emphasis added).

Additionally, the Committee intended the 2023 amendment to address whether "completing statements" may be offered for their truth. They can. Indeed, "in some cases, a completing statement places an initially proffered statement in context only if the completing statement is true." Building on the previous example, the Committee explained that "the defendant in a murder case who admits that he owned the murder weapon, but also simultaneously states that he sold it months before the murder. The statement about selling the weapon corrects a misimpression only if it is offered for its truth." *Id.* When such scenarios arise, "Rule 106 operates to allow the completing statement to be offered as proof of a fact."[1] *Id.*

In its direct examination of Trooper Dunne, the government elicited from him testimony regarding *portions* of the statement Mr. Farwell made to Troopers Dunne and Fanning on February 6, 2021, which created a misimpression of Mr. Farwell's statement to the jury. During cross examination, defense counsel sought to introduce completing components of Mr. Farwell's statement to correct the misimpression created by the government, which "in fairness ought to be considered at the same time." Fed. R. Evid. 106. Because the government created the misimpression, under the amended Fed. R. Evid. 106, it "forfeited its right to object on hearsay grounds." Fed. R. Evid. 106 advisory committee's note to 2023 amendment. Therefore, Mr. Farwell should be allowed to elicit the completing statements from Trooper Dunne and do so soon to correct any misimpressions while the issue is fresh in the minds of the jury.

[1] The two First Circuit cases that specifically address FRE 106 *after* the 2023 amendment are distinguishable from the scenario presented in this case as neither involve defendant statements to law enforcement, nor statements that had been introduced in the government's case. *See United States v. Shafa*, 175 F.4th 1, 15 (1st Cir. 2026); *United States v. Diaz-Colon*, 163 F.4th 1, 35 (1st Cir. 2025), *cert. denied sub nom. Diaz-Colnn v. United States*, No. 26-5122, 2026 WL 2976180 (U.S. Oct. 5, 2026).

Dated: October 15, 2026

Respectfully submitted,

MATTHEW FARWELL,
By his attorneys,

*/s/ Joanne M. Daley*
Joanne M. Daley, BBO # 653375
Kimberly C. Stevens, NC State Bar # 20156
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061
Joanne_daley@fd.org

**CERTIFICATE OF SERVICE**

I, Joanne M. Daley, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on October 15, 2026.

*/s/ Joanne M. Daley*
Joanne M. Daley